SCPW-13-0000038

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

ANTOINETTE SMITH, Petitioner-Respondent,

vs.

THE HONORABLE KEITH E. TANAKA, Judge of the Family Court of the
Second Circuit of the State of Hawaiʻi, Respondent,

and

KENT SMITH, PAULA SMITH, TIFFANY SMITH and ALEXANDRIA HOECK,
Respondents-Petitioners.

---

ORIGINAL PROCEEDING

ORDER DENYING PETITION FOR WRIT OF MANDAMUS AND/OR PROHIBITION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

On January 22, 2013, petitioner Antoinette Smith filed

a petition for a writ of mandamus and/or prohibition seeking an

order directing the respondent judge to dismiss the petition for

third-party visitation filed in FC-M No. 12-1-0146 on the grounds

that the family court lacks subject matter jurisdiction and

Hawaiʻi Revised Statutes § 571-46(a)(7) is unconstitutional.

Petitioner also seeks an order staying the family court

proceedings pending disposition of this original proceeding.

A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action. Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999). Such writs are not intended to supercede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures. Id. Where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act. Id. at 204-05, 982 P.2d at 338-39.

Similarly, a writ of prohibition "is an extraordinary remedy the object of which is not to cure a mere legal error or to serve as a substitute for appeal, but to restrain a judge of an inferior court from acting beyond or in excess of his jurisdiction." Honolulu Adv., Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978).

Upon consideration of the petition, the supporting documents, and the record, it appears that petitioner can seek

2

relief by way of an appropriate appeal.  Moreover, petitioner fails to demonstrate that the respondent judge exceeded his jurisdiction, committed a flagrant and manifest abuse of discretion, or refused to act on a subject properly before him under circumstances in which he has a legal duty to act sufficient to fall within the scope of mandamus and/or prohibition relief.  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus and/or prohibition is denied.

DATED:  Honolulu, Hawai'i, March 6, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.



/s/ Sabrina S. McKenna

/s/ Richard W. Pollack